DAVID J. BYER (*pro hac vice forthcoming*)
david.byer@klgates.com
ERIC W. LEE (*pro hac vice forthcoming*)
eric.lee@klgates.com
K&L GATES LLP
One Congress Street
Boston, MA 02114
Telephone:  (617) 261-3100
Facsimile:   (617) 261-3175

JASON N. HAYCOCK (SBN 278983)
jason.haycock@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
SUNOVA SOLAR TECHNOLOGY CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUNNOVA ENERGY CORPORATION, a Delaware Corporation<br><br>    Plaintiff,<br><br>        v.<br><br>SUNOVA SOLAR TECHNOLOGY CO., LTD., a foreign corporation,<br><br>    and<br><br>PHAETON SOLAR AMERICA LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. 5:22-cv-05325-EJD<br><br>**DEFENDANT SUNOVA SOLAR TECHNOLOGY CO., LTD.'S ANSWER**<br><br>Complaint Filed:     September 19, 2022 |

Defendant SUNOVA SOLAR TECHNOLOGY CO., LTD. ("Defendant" or "Sunova Solar") submits this Answer to the Complaint filed by Plaintiff SUNNOVA ENERGY CORPORATION ("Plaintiff") and hereby states as follows:

## ANSWER

1. Defendant admits that Plaintiff purports to bring an action for trademark infringement, unfair competition, and related claims under the United States Trademark (Lanham Act of 1946) Laws, 15 U.S.C. §§ 1051 et seq. (as amended), California law and common law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Defendant admits Plaintiff purports to seek preliminary and permanent injunctive relief and the recovery of actual damages, statutory damages, profits, costs, attorneys' fees, punitive damages and other relief in its Complaint. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4. Defendant admits that it is a foreign corporation having a place of business at 9 Huicheng Road, Huishan District, Wuxi, Jiangsu Province, China. Defendant admits it is an integrated system solution provider and manufacturer of distributed solar products including solar panels. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant denies that Phaeton Solar America LLC ("Phaeton") is a wholly owned subsidiary and exclusive distributor of Sunova Solar products in the U.S. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies them.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits it is the owner of the sunova-solar.com domain name and that such domain was registered on or about March 20, 2019. To the extent the allegations in Paragraph 12 of the Complaint attempt to interpret the document attached thereto as Exhibit 1, Defendant avers that the document attached as Exhibit 1 speaks for itself and denies the allegations of Paragraph 12 to the extent they do not accurately describe the document. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that it has contracted with Phaeton to promote products at a tradeshow in Anaheim, California, and recruit for sales representative jobs. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Phaeton has advertised for a sales representative job to be located remotely or in San Jose, California on behalf of Defendant Sunova Solar. Defendant denies that it acquired Phaeton as the United States Headquarters office located in the San Francisco Bay Area. Defendant denies that Phaeton is a wholly owned subsidiary or exclusive distributor of Sunova Solar

in the United States. Defendant denies that Phaeton ever received shipments of infringing products from Sunova Solar. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore denies them.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. Defendant admits that public records maintained by the U.S. Patent and Trademark Office appear to list Sunnova as the owner of the trademarks listed in Paragraph 21 of the Complaint, for the serial and registration numbers and registration dates listed in Paragraph 21 of the Complaint, and for the services listed in Paragraph 21 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. To the extent the allegations in Paragraph 22 of the Complaint attempt to interpret the documents attaches thereto as Exhibit 6, Defendant avers that the documents attached as Exhibit 6 to the Complaint speak for themselves and denies the allegations of Paragraph 22 of the Complaint to the extent they do not accurately describe the documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and therefore denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. Defendant admits that Sunova Solar was founded in 2016 in Wuxi, China, with the goal of becoming a global brand and leading one-stop solar supplier. Defendant admits that the document attached as Exhibit 7 appears to be a true and accurate copy of Sunova Solar's Company Introduction made available on Sunova Solar's website.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits that it marketed and promoted solar energy products, including solar panels, bearing or in connection with the name and mark SUNOVA SOLAR, without the permission or authorization from Sunnova, in relation to a single trade show in the United States. Defendant denies that it sold any SUNOVA or SUNOVA SOLAR-branded products in the United States. Defendant denies that it had complete knowledge of the SUNNOVA Mark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies them.

30. Defendant admits that its web page Sunova-solar.com uses the name and mark "SUNOVA SOLAR", and has done so since on or around March 20, 2019. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that it provides solar products and services and is in the renewable energy semiconductor manufacturing and solar equipment sales industry. Defendant avers that the documents attached as Exhibits 8 and 9 to the Complaint speak for themselves and denies the allegations in Paragraph 32 of the Complaint to the extent they do not accurately describe the

1 documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies that it acquired Phaeton, and denies that Phaeton is Defendant's exclusive distributor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, and therefore denies them.

37. Defendant admits that Phaeton displayed Sunova Solar's products at the RE+ tradeshow in Anaheim, California in September, 2022. Defendant denies that Phaeton received two containers of SUNOVA SOLAR-branded products from Sunova Solar in October, 2022. To the extent the allegations in Paragraph 37 of the Complaint attempt to interpret the document attached thereto as Exhibit 10, Defendant avers that the document attached as Exhibit 10 speaks for itself and denies the allegations of Paragraph 37 to the extent they do not accurately describe the document. Defendant denies any remaining allegations in Paragraph 37 of the Complaint.

38. Defendant admits that Joseph Smith and Kyle Twait were present at the RE+ tradeshow in Anaheim, California. Defendant denies that Joseph Smith or Kyle Twait were Sunova Solar's employees or that they exclusively distribute products for Sunova Solar. Defendant denies any remaining allegations in Paragraph 38 of the Complaint.

39. Defendant denies that Sunova Solar ever acquired Phaeton Solar as the USA HQ office located in the San Francisco Bay area. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint, and therefore denies them.

40. To the extent the allegations in Paragraph 40 of the Complaint attempt to interpret the documents attached thereto as Exhibit 11, Defendant avers that the documents attached as Exhibit 11 to the Complaint speak for themselves and denies the allegations of Paragraph 40 of the Complaint to the extent they do not accurately describe the documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of

the Complaint, and therefore denies them. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore denies them.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits it has used the term SUNOVA SOLAR in association with its goods and services. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant repeats and re-alleges each and every allegation and/or response set forth in the foregoing Paragraphs as if fully set forth herein.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant repeats and re-alleges each and every allegation and/or response set forth in the foregoing Paragraphs as if fully set forth herein.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies them.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

| | | |
|---|---|---|
| 1 | 60. | Defendant denies the allegations in Paragraph 60 of the Complaint. |
| 2 | 61. | Defendant denies the allegations in Paragraph 61 of the Complaint. |
| 3 | 62. | Defendant denies the allegations in Paragraph 62 of the Complaint. |
| 4 | 63. | Defendant repeats and re-alleges each and every allegation and/or response set forth in the foregoing Paragraphs as if fully set forth herein. |
| 6 | 64. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and therefor denies them. |
| 8 | 65. | Defendant denies the allegations in Paragraph 65 of the Complaint. |
| 9 | 66. | Defendant denies the allegations in Paragraph 66 of the Complaint. |
| 10 | 67. | Defendant denies the allegations in Paragraph 67 of the Complaint. |
| 11 | 68. | Defendant denies the allegations in Paragraph 68 of the Complaint. |
| 12 | 69. | Defendant denies the allegations in Paragraph 69 of the Complaint. |
| 13 | 70. | Defendant repeats and re-alleges each and every allegation and/or response set forth in the foregoing Paragraphs as if fully set forth herein. |
| 15 | 71. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and therefor denies them. |
| 17 | 72. | Defendant denies the allegations in Paragraph 72 of the Complaint. |
| 18 | 73. | Defendant denies the allegations in Paragraph 73 of the Complaint. |
| 19 | 74. | Defendant denies the allegations in Paragraph 74 of the Complaint. |
| 20 | 75. | Defendant denies the allegations in Paragraph 75 of the Complaint. |
| 21 | 76. | Defendant denies the allegations in Paragraph 76 of the Complaint. |
| 22 | 77. | Defendant repeats and re-alleges each and every allegation and/or response set forth in the foregoing Paragraphs as if fully set forth herein. |
| 24 | 78. | Defendant denies the allegations in Paragraph 78 of the Complaint. |
| 25 | 79. | Defendant denies the allegations in Paragraph 79 of the Complaint. |
| 26 | 80. | Defendant denies the allegations in Paragraph 80 of the Complaint. |
| 27 | 81. | Defendant denies the allegations in Paragraph 81 of the Complaint. |
| 28 | 82. | Defendant denies the allegations in Paragraph 82 of the Complaint. |

To the extent any response is required, Defendant denies the allegations in the Prayer for Relief at paragraphs A-K on pages 20-21 of the Complaint.

## AFFIRMATIVE DEFENSES

As for its separate and affirmative defenses, Defendant alleges as follows. By styling each such defense as an affirmative defense, Defendant does not concede that it bears the burden of proof on any issue that is an affirmative element of Plaintiff's claims.

### FIRST AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

Plaintiff's Complaint must be dismissed for lack of personal jurisdiction over Defendant.

### SECOND AFFIRMATIVE DEFENSE

### Lack of Venue

Plaintiff's Complaint must be dismissed for improper venue.

### THIRD AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint fails to state a claim against Defendant on which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiff has waived any right to seek damages pursuant to any purported cause of action stated against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### Laches

Plaintiff's claims pursuant to the Lanham Act and state law claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in bringing its claims against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### Acquiescence

Defendant has acquiesced, by silence or without objection, to Defendant's use of the SUNOVA SOLAR trademark.

## EIGHTH AFFIRMATIVE DEFENSE

### Statutes of Limitations

Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

### No Damage

Plaintiff has not sustained any damages as a consequence of the conduct alleged against Defendant in the Complaint and can state no claim for damages against Defendant based thereon.

## TENTH AFFIRMATIVE DEFENSE

### Lack of Proximate Cause

To the extent Plaintiff has incurred any damages, which is expressly denied, such alleged damages were not proximately or legally caused by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### Speculative Damages

Any alleged loss or damage that Plaintiff claims to have sustained is speculative and uncertain, and therefore is not compensable.

## TWELFTH AFFIRMATIVE DEFENSE

### No Infringement of Valid and Enforceable Marks

Defendant has not infringed any valid and enforceable trademarks owned by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Good Faith

Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from justifying a recovery of its reasonable attorney's fees, expenses and/or costs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to mitigate any purported damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Lack of Sufficiently Broad Trademark Rights

Plaintiff's claims are barred, in whole or in part, because the scope of Plaintiff's trademark rights, if any, are not broad enough to preclude Defendant's use of SUNOVA SOLAR.

## SIXTEENTH AFFIRMATIVE DEFENSE

### No Likelihood of Confusion

Plaintiff's claims are barred, in whole or part, because there is no likelihood of confusion.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Prior Use/Use of Third Parties

Plaintiff's claims are barred, in whole or part, because Plaintiff is not the first user of some or all of the purported trademarks alleged and that third parties have used some or all of the purported marks in commerce prior to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Lack of Fame/Secondary Meaning

Plaintiff's claims are barred, in whole or part, on the basis that some or all of the purported marks at issue are not famous and otherwise lack secondary meaning.

## NINETEENTH AFFIRMATIVE DEFENSE

### Adequacy of Remedy at Law/Lack of Irreparable Harm

Plaintiff's claims for injunctive relief are barred, in whole or part, because Plaintiff cannot show that it will suffer any irreparable harm as a result of any alleged act or omission by Defendant and because Plaintiff has a complete and adequate remedy at law.

## **ADDITIONAL DEFENSES**

Defendant reserves the right to assert additional defenses in the event discovery indicates they are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

(i) That Plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of Defendant;

(ii) That Defendant be awarded its costs of suit incurred in defense of this action; and

(iii) For such other and further relief to which Defendant may be entitled as the Court deems proper.

**K&L GATES LLP**

Dated: December 12, 2023          By: */s/ Jason N. Haycock*
                                      JASON N. HAYCOCK

                                      Attorneys for Defendant
                                      SUNOVA SOLAR TECHNOLOGY CO., LTD